# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60803
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HERMAN MCGEE, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-9-1

Before BARKSDALE, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Herman McGee, Jr., pleaded guilty, pursuant to a plea agreement, to one count of conspiring to possess, with intent to distribute, more than 500 grams of cocaine and a detectable amount of marijuana, in violation of 21 U.S.C. § 846, and one count of conspiring to use/carry a firearm during, and in relation to, a drug-trafficking crime, in violation of 18 U.S.C. § 924(o). His sole claim on appeal, which falls within the exception to his appeal and postconviction-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

review waiver, is that his attorney rendered ineffective assistance by failing to object to a three-level enhancement he received under Guideline § 3B1.1(b) for being a manager or supervisor of criminal activity that involved five or more participants, or was otherwise extensive.

District courts are "best suited to developing the facts necessary to determining the adequacy of representation". *Massaro v. United States*, 538 U.S. 500, 505 (2003). Accordingly, our court generally will not consider the merits of an ineffective assistance of counsel (IAC) claim on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). The exception is for those "rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim". *Id.* (internal quotation omitted). The "preferred method" for bringing such a claim is pursuant to a 28 U.S.C. § 2255 motion. *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (internal quotation omitted).

The record is not sufficiently developed to allow a fair evaluation of McGee's IAC claim. We therefore decline to consider it, without prejudice to collateral review pursuant to a motion under 28 U.S.C. § 2255. *E.g.*, *Isgar*, 739 F.3d at 841.

AFFIRMED.